# IN THE COURT OF APPEALS OF IOWA

No. 22-1483
Filed December 7, 2022

**IN THE INTEREST OF N.R. and C.R.,**
**Minor Children,**

**T.R., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.

A mother appeals the termination of her parental rights to two of her children. **AFFIRMED.**

Deborah M. Skelton, Tiffin, for appellant mother.

Thomas J. Miller, Attorney General, and Diane Murphy Smith, Assistant Attorney General, for appellee State.

Robin L. Himes, Cedar Rapids, attorney for N.R.

Anthony Alexander Haughton, Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for C.R. and guardian ad litem for N.R.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to two of her children, born in 2011 and 2016. She contends (1) the State failed to prove the ground for termination cited by the district court; (2) termination was not in the children's best interests; (3) the court should have declined to terminate her parental rights based on the parent-child bond; and (4) she should have been afforded additional time to reunify.

The district court terminated parental rights pursuant to Iowa Code section 232.116(1)(f) (2022), which requires proof of several elements, including proof the children could not be returned to parental care.

The record reveals the following facts. The department of health and human services investigated allegations that (1) the mother threw a football helmet at the older child; (2) used a cord to beat the older child, causing marks on her body; (3) punched the older child and stomped on her head; and (4) deprived both children of food. The allegations resulted in a founded child abuse report. A month later, the department learned that the mother told the older child to leave the home. The child went to the home of a trusted friend. The younger child remained with the mother. According to the department, the mother was "heavily intoxicated."

Law enforcement officers placed both children in protective custody and applied to have the children temporarily removed from the parents' custody. The district court granted the application and later adjudicated the children in need of assistance. Meanwhile, the department issued another founded child abuse report.

Seventeen months elapsed between removal and termination. Approximately one month before the termination hearing, the mother tested positive for alcohol and cocaine. She denied illegal drug use, testifying, "I've never used drugs a day in my life," but she returned positive patches for illegal substances nine out of fourteen times. The department case manager testified the children could not be returned to parental custody. She pointed out that the mother's interactions with the children remained "[f]ully supervised" and the mother failed to make progress on the circumstances underlying the adjudication, with the exception of securing housing. On our de novo review, we conclude the State proved the children could not be returned to the mother's custody as required by Iowa Code section 232.116(1)(f)(4).

Termination must be in the children's best interests. *See* Iowa Code § 232.116(2). There is no question it was. The department reported that successful reunification, "at a minimum," would require the mother to "establish a pattern of sobriety, address the physical abuse concerns and find alternative ways to discipline the children." The older child was able to discern that the mother was under the influence during some of the supervised visits. The younger child told the case manager that it was not safe at his mother's home. The department reported that the mother did "not always respond appropriately to" the children, "yell[ed] at them," and told them she did "not want to see them or have visits with them anymore." This evidence alone establishes that the mother had yet to address her substance abuse and anger issues.

In evaluating the best-interests prong of the analysis, the district court stated:

> [The children] have been subjected to violence and chaos for the majority of their lives. [The older child] has been encouraged to act in ways that are clearly detrimental to her long-term stability, physical and emotional growth, and mental and physical well-being. [The children] need the opportunity to heal from their past traumas and be supported by adults who act with compassion and in their best interest.

We agree with this assessment.

The court may grant an exception to termination based on the parent-child bond. *See id.* § 232.116(3)(c). Both children shared a bond with the mother, albeit a toxic one. Both wanted to be with her but recognized her limitations as a parent. Although the older child persisted in her desire for reunification, the mother was not in a position to address and manage the child's trauma stemming from her time in the home.

In reaching that conclusion, we recognize some of the children's placements following removal were less than ideal. For example, the department acknowledged the older child was still at a youth shelter at the time of the termination hearing. But there appeared to be no viable alternative. Efforts to have her placed in a foster home proved unsuccessful, and the mother essentially conceded there were no relatives who could care for her. As for the younger child, he struggled to adjust to his first foster home, but he ultimately was transferred to another home, where he wished to remain.[1] Notwithstanding this post-removal turmoil, we concur in the department's assessment that termination of parental

---

[1] The mother contends the department failed to pursue an interstate home study of a woman the younger child viewed as his grandmother, but she conceded the child had only seen the woman for two months in "2008, 2009."

rights, exploration of specialized pre-adoptive programs as needed, and investigation of adoptive homes was the best option for these children.

We are left with the mother's request for additional time to reunify. *See In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) ("[T]he juvenile court may deny termination and give the parent an additional six months for reunification only if the need for removal 'will no longer exist at the end of the additional six-month period.'" (quoting Iowa Code § 232.104(2)(b))). The district court pointed out that it "exten[ded] the reunification goal," yet the mother failed to progress to even two supervised visits per week during the extension period. Notably, the State did not file a petition to terminate parental rights until after the extension period expired. Given the mother's failure to avail herself of the added time, we conclude another extension of time to facilitate reunification was not warranted. We affirm the termination of the mother's parental rights to these two children.

**AFFIRMED.**